WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shelby Renee Kittridge,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-00366-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Shelby Kittridge's Application for Disability Insurance benefits by the Social Security Administration (SSA) under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 11, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 13, "Def. Br."), and Plaintiff's Reply (Doc. 14, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 10, "R."), and now affirms the Administrative Law Judge's ("ALJ") decision, (R. at 14–33).

**I.    BACKGROUND**

Plaintiff filed her Application for Disability Insurance benefits on April 19, 2015, alleging disability beginning March 28, 2015. (*Id*. at 17.) Plaintiff's claim was denied initially on July 9, 2015, and on reconsideration on November 10, 2015. (*Id*.) Plaintiff appeared before the ALJ for a hearing on her claim on September 6, 2017. (*Id*.) On

December 11, 2017, the ALJ denied Plaintiff's claim. (*Id.* at 14–33.) On November 28, 2018, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (*Id.* at 1–5.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: degenerative disc disease; status post lumbar fusion; Crohn's disease; and fistula. (*Id.* at 20.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled. (*Id.* at 28.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 22.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding:

> [Plaintiff] has the [RFC] to perform sedentary work (lifting ten pounds occasionally and less than ten pounds frequently; sitting for at least six hours out of eight; and standing/walking for up to two hours out of eight) as defined in 20 CFR 404.1567(a) except she can occasionally climb stairs and ramps, but never ladders, ropes and scaffolds. She can occasionally stoop, kneel, crouch and crawl. She should avoid concentrated exposure to extreme cold, unprotected heights, and moving and dangerous machinery.

(*Id.* at 23.) Based on Plaintiff's RFC, the ALJ found she can perform her past relevant work as a data clerk and customer service representative. (*Id.* at 27.)

## II.    LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the

Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404.  20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two issues on appeal. First, Plaintiff argues the ALJ failed to find at step three that Plaintiff's impairments medically equal listing 5.06B (inflammatory bowel disease). (Pl. Br. at 16–21.) Second, Plaintiff argues the ALJ erroneously rejected her symptom testimony. (*Id*. at 21–25.) Plaintiff argues her case should be remanded for computation and award of benefits. (*Id*. at 25–26.)

. . . .

For the reasons that follow, the Court rejects Plaintiff's arguments and finds that substantial evidence supports the ALJ's nondisability determination. First, substantial evidence supports the ALJ's conclusion that Plaintiff's impairments do not meet or equal listing 5.06B. Second, the ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.

### A. Substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal listing 5.06.

Plaintiff argues her "abdominal pain from Crohn's disease and recurring fistula equals the severity described in" listing 5.06. (Pl. Br. at 17.) Specifically, Plaintiff argues she meets listing 5.06B, which is met when a claimant has inflammatory bowel disease (*e.g.*, Crohn's disease) "documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings with . . . [t]wo [specified symptoms] despite continuing treatment and occurring within the same consecutive 6-month period." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 5.06. Listing 5.06B specifies six possible symptoms for meeting the listing. (*Id.*) Relevant here are 5.06B(3) and 5.06B(4). Plaintiff argues she equaled listing 5.06B(3), which requires a "[c]linically documented tender abdominal mass palpable on physical examination *with* abdominal pain or cramping that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 5.06B(3) (emphasis added). (Pl. Br. at 17–18.) She also argues she equaled listing 5.06B(4), which requires "[p]erineal disease with a . . . fistula, *with* pain that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 5.06B(4) (emphasis added). (Pl. Br. at 18–21.)

Plaintiff's argument on this issue is not entirely clear but appears to be twofold. First, she identifies several findings indicating she repeatedly experienced abdominal pain and cramping while being treated with narcotic medications. (Pl. Br. at 17–18.) These findings are present within the same consecutive 6-month period and were present on at

least two evaluations at least 60 days apart. (*Id.*) Next, Plaintiff identifies several records that indicate she had an intestinal fistula causing pain that is not completely controlled by narcotic medication. (*Id.* at 18–21.) The findings cited by Plaintiff cover at least two different 6-month periods with evaluations spanning at least 60 days apart. (*Id.*)

In addition to finding Plaintiff does not meet listing 5.06, the ALJ found that Plaintiff's impairments are not equivalent to any listing since no acceptable medical source made an equivalency finding. (*Id.*) In making this finding, the ALJ found that the record does not demonstrate that Plaintiff experienced the symptoms required by listing 5.06B— including those Plaintiff claims to be documented in the record. (*Id.*)

In order to be considered disabled per se under a listed impairment, a claimant must meet all the specified medical criteria in the listing. 20 C.F.R. § 404.1520(d); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). When making this determination, the "ALJ is responsible for . . . resolving ambiguities" in the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Furthermore, an ALJ's determination is entitled to deference if it is supported by substantial evidence. *Moncada*, 60 F.3d at 523. Finally, the claimant bears the burden of proving that he is disabled per se. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Here, substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet any listing and are not equivalent to any listing. The record does not indicate that Plaintiff ever experienced a "tender abdominal mass palpable on physical examination" as listing 5.06B(3) requires. Although Plaintiff identifies certain records referencing her abdominal pain, cramping, and prescribed narcotic medications, those records alone are insufficient to meet the listing. The findings Plaintiff references are findings that must *accompany* a "tender abdominal mass," but Plaintiff does not identify in the record any abdominal mass. Instead, the record includes several instances where Plaintiff did not have an abdominal mass. (R. at 35, 406, 411, 414, 566.) Further, Plaintiff does not articulate any arguments establishing her impairments are equivalent to the requirement that the record identify a tender abdominal mass. Thus, substantial evidence

- 5 -

supports the ALJ's finding that Plaintiff's impairments do not meet or equal listing 5.06B(3).

Similarly, substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal listing 5.06B(4). Though Plaintiff identifies several records indicating she suffered from a fistula, that is not all the listing requires. The fistula must also be accompanied by "pain that is not completely controlled by prescribed narcotic medication." Plaintiff does not prove this was the case, which is her burden at step three. *See Tackett*, 180 F.3d at 1098. The record indicates that at various points during the relevant period, Plaintiff either stopped treatment for her Crohn's disease and fistula, or experienced improvement with treatment. (R. at 34, 69, 414, 417, 513, 586, 588.) Since the listing requires pain that is not completely controlled by prescribed narcotic medication over a continuous period, Plaintiff's improvement and conservative treatment would be inconsistent with her meeting the listing. Thus, the record is ambiguous as to whether Plaintiff's pain was completely controlled, sought only conservative treatment, or whether she was non-compliant with prescribed medications. In any case, the Court will defer to the ALJ's findings that Plaintiff's symptoms and impairments do not meet the requirements of listing 5.06B(4). *See Andrews*, 53 F.3d at 1039.

Ultimately, substantial evidence supports the ALJ's finding that Plaintiff is not disabled under listing 5.06B. Plaintiff did not establish that her impairments meet or equal the requirements of listing 5.06B(3) or 5.06B(4). Accordingly, the ALJ did not err.

**B.    The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.**

The ALJ rejected Plaintiff's symptom testimony for three reasons. First, the ALJ found that Plaintiff was inconsistent regarding her reason for leaving her job. (R. at 27.) Next, the ALJ found that Plaintiff's testimony was inconsistent with her reported activities of daily living (ADLs). (*Id*.) Finally, the ALJ found that Plaintiff's testimony is inconsistent with the objective medical evidence and treatment notes. (*Id*.) The Court finds that the ALJ

provided sufficient reasons supported by substantial evidence for rejecting Plaintiff's testimony.

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

First, the ALJ appropriately concluded that Plaintiff's explanation for resigning her previous work was inconsistent with her allegations of disabling symptoms. At her consultative examination, Plaintiff reported that she resigned her position to assist her husband with childcare and because of increased pain with sitting. (R. at 373.) Inconsistent statements regarding a claimant's reasons for ceasing work may be a permissible basis for ALJs to discount testimony. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (affirming an ALJ's rejection of a claimant's testimony because the claimant stated that he "left his job because he was laid off, rather than because he was injured"). Here, Plaintiff's admission that she stopped working, at least in part, to care for her children was a sufficient reason for the ALJ to discount her testimony. Plaintiff argues her statement does not necessarily undermine her testimony, since her childcare does not likely require extensive

effort. (Pl. Br. at 23.) Nevertheless, substantial evidence is a relatively low evidentiary standard, and the ALJ's finding is entitled to deference.

Further, the ALJ's reasoning is bolstered by his reliance on Plaintiff's ADLs to discount her symptom testimony. A claimant's ADLs are also a proper consideration for ALJs evaluating symptom testimony. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, Plaintiff reported several ADLs that, even if they are not entirely consistent with sustaining fulltime employment, are nevertheless inconsistent with her allegations of disabling symptoms. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (holding that ALJs may rely on ADLs that undermine a claimant's testimony even if they reflect some limitations in functioning). During her consultative examination, Plaintiff reported that she regularly prepares meals, completes chores, plays games, manages personal care, and drives independently. (R. at 373.) In her function reports, Plaintiff reported educating her son, preparing food, and completing chores daily. (*Id.* at 243.) She reported doing two loads of laundry per day, cleaning, and watering plants. (*Id.* at 244.) She also reported caring for nine chickens, three dogs, and a cat. (*Id.* at 243.) Ultimately, the ALJ correctly relied on Plaintiff's ADLs to discount her testimony, even if they reflect some limitations in functioning, since these ADLs reasonably undercut Plaintiff's claims that she cannot sustain employment.

Finally, the ALJ correctly found that Plaintiff's testimony was undermined by a lack of corroborating medical evidence. Though this could not be the ALJ's sole consideration, it was a permissible one. The ALJ found that Plaintiff's allegation "that every month she gets flare-ups of Crohn's disease that last one to three weeks," is not corroborated by the record. (R. at 27.) Substantial evidence supports the ALJ's conclusion since the records relied upon by the ALJ did not corroborate Plaintiff's allegations, and Plaintiff does not identify corroboration for her claims in the record. (*Id.* at 307–10, 419–32, 571–80, 586–88.)

. . . .

. . . .

## IV. CONCLUSION

Substantial evidence supports the ALJ's nondisability determination. The ALJ correctly determined that Plaintiff is not disabled under any listing since Plaintiff did not establish that her impairments meet or equal the severity of any listing. The ALJ correctly determined that Plaintiff's Crohn's disease and fistula do not meet listing 5.06 and Plaintiff did not establish that her impairments are equivalent to any listing. Further, the ALJ correctly rejected Plaintiff's symptom testimony based on her inconsistent statement regarding her resignation, her ADLs, and the lack of medical corroboration for her allegations.

**IT IS THEREFORE ORDERED** affirming the December 11, 2017 decision of the Administrative Law Judge (R. at 14–33), as upheld by the Appeals Council (R. at 1–5).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 3rd day of June, 2021.

_Honorable Susan M. Brnovich_
United States District Judge